### SCHNEIDER v SPRINGFIELD METALLIC CASKET CO.

Ohio Appeals, 2nd Dist, Clark Co

No 420.   Decided April 24, 1941

Robert P. Morean, Springfield, for plaintiff-appellant.

Cole & Hodge, Springfield, for defendant-appellee.

MONTGOMERY, J. (5th Dist.), sitting by designation.

### OPINION

By MONTGOMERY, J.

This cause was submitted to the Court of Common Pleas upon the pleadings and an agreed statement of facts. That court having rendered judgment for the defendant, an appeal was perfected to this Court on a question of law, the assignment of error being that the judgment is not sustained by the weight of the evidence and the law.

The amended petition avers that on or about May 4, 1938, an agreement was made through mutual consideration whereby the defendant agreed to pay the plaintiff the scale of wages which was in effect on the 28th day of February, 1938, and that a fifteen day notice would be given before there should be any change in wages. It is averred that this notice was never given, but that the defendant paid plaintiff only nine-tenths of the salary due him from May 1, 1938, to February 28, 1939. It is claimed that this ten per cent reduction was in violation of the contractual obligation of the defendant and, therefore, he prays judgment against the defendant for the amount thereof, to-wit, $128.09 with interest.

The amended answer filed to this pleading sets forth three defenses:

The first defense alleges want of jurisdiction in the court to hear and determine the issue because an appeal had theretofore been made to the Reginal Director of The National Labor Relations Board, which Board had jurisdiction.

The second defense asserts that the plaintiff, as an individual, has no legal capacity to maintain this action because the contract was not with him individually, but with Lodge 1713, as the collective bargaining representative of the employees in defendant's plant.

The third defense alleges that, as a condition precedent to the contract of May 4, 1938, which contract is admitted, it was agreed between the defendant and said Lodge 1713 that the ten per cent wage cut which had theretofore been ordered as of February 28, 1938, be restored for the months of March and April, 1938, but should become re-effective on May 1, 1938, subject to revision thereafter only in pursuance of the terms of an accepted proposal of the date of April 26, 1938. This defense further alleges that suitable notice was given to Lodge 1713, and that pursuant thereto a bargaining meeting was held between the defendant and the Bargaining Committee of said Lodge 1713; that the Bargaining Committee never made a definite statement as to its attitude upon said wage cut in accordance with its agreement, and, therefore, the defendant ratified and confirmed said cut and continued it in effect. It asserts, finally, that, as the result of this situation, it is not indebted to the plaintiff in any sum.

A reply was filed denying generally the allegations of new matter in the amended answer, and making certain specific denials of averments therein contained.

Taking the view which we do of the merits of the case, it becomes unnecessary to decide the validity of the first and second defenses set forth in defendant's amended answer. Our interpretation of the contractual rights existing between the parties determines the real issue.

The stipulation of facts sets forth the determination that Lodge 1713, S. W. O. C., is to be the exclusive bargaining representative of the employees of the defendant. Hearings had been had before the Regional Director of the National Labor Relations Board, at which the defendant had produced financial statements which it claimed justified the cut made.

On April 26, 1938, the defendant submitted to the Lodge a letter which referred to the negotiations theretofore had, recited the agreement that the ten per cent horizontal wage cut put in effect as of February 28, 1938, should be restored for the months of March and April, but the restoration to terminate on May 1, 1938, and provided a method of re-paying the ten per cent deduction for the two months. It further recited that collective bargaining should be invoked for a wage scale after May 1, 1938, upon due notice.

This letter was tendered at a formal meeting of the Lodge, and was accepted. The wage cuts for March and April were restored and paid. On May 1, 1938, the wage cut was again put into effect, as provided in the letter of April 26th. On May 4th, the new contract was signed. On May 10th the Company notified the Lodge of its desire for collective bargaining pursuant to the letter of April 26th. And on June 14th a meeting was held for bargaining purposes. At this meeting the Company produced its evidence from which it was claimed that the ten per cent wage cut was necessary. The Lodge Bargaining Committee promised a reply, with any evidence it might want to submit, but no reply was ever made, and no evidence ever submitted, and thereupon the Company continued its ten per cent wage cut as of May 1, 1938.

The stipulation further shows that thereafter the Lodge filed a complaint with the Regional Director; that a statement of the situation was furnished by the Company, and the Director refused to make any order or ruling against the defendant.

From the record so far it is perfectly obviously that the defendant was justified in making the ten per cent cut which was made effective as of May 1, 1938. The only question which has given this Court any concern is whether or not this arrangement was abrogated by the written contract of May 4, 1938.

It is significant that the employees first appealed to the Labor Relations Board, and that the Regional Director refused to make any order. The delay in filing this action may also have some significance. These matters seem to us to be purely incidental.

It is contended by the appellant that §3 of the agreement of May 4, 1938, is all-conclusive and controlling. That section is in the following language:

"The Company or the Union may subsequent to May 1, 1938, at any time and from time to time, give fifteen (15) days written notice to the other party of the time for the commencement of a Conference of the parties hereto for the purpose of discussing, modifying or changing the existent wage scale of rates effective as of February 28, 1938, without prejudice to any other provisions in this agreement."

In view of the existing situation this provision was not worded very skilfully. However, at the time the agreement was made the cut effective May 1, 1938, was in effect. If this cut were to be abrogated, presumably the contract would have so recited. The wage scale of rates was as of February 28, 1938. but with a straight ten per cent horizontal cut put into effect in the manner heretofore specified. Moreover, this section provided that upon fifteen days notice a Conference would be held for the purpose of discussing, modifying or changing the scale. This Conference was called with the result heretofore indicated. At no time prior to this Conference, which was held in June. does there appear to have been any protest of any kind against this ten per cent cut.

It seems to us that the fair construction of the contract, and this §3, is simple, that the scale was fixed as of February 28, 1938, but the horizontal cut was not to be affected, except as the result of a bargaining conference after the notice provided, and the conduct of both the bargaining parties indicated that they so construed it.

It follows that the judgment of the Court of Common Pleas will be affirmed.

HORNBECK and BARNES, JJ., concur.